# NAIDICH WURMAN LLP
*Attorneys at Law*

111 Great Neck Road, Suite 214
Great Neck, New York 11021
Telephone (516) 498-2900
Facsimile (516) 466-3555

RICHARD S. NAIDICH
KENNETH H. WURMAN

BERNARD S. FELDMAN
ROBERT P. JOHNSON
OF COUNSEL

July 24, 2019

<u>VIA ECF</u>
Hon. Joan Azrack
United States District Court
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re:  Power Up Lending Group, Ltd. v. Gawk Incorporated, et al
     Index No.: cv-18-3943

Dear Judge Azrack:

This office represents Power Up Lending Group, Ltd. ("Power Up") the plaintiff in the above entitled action. Please allow this letter to serve as our response to the letters dated July 16, 2019 and July 22, 2019 from Eric W. Berry, Esq., counsel for the defendants, which sets forth his contentions in connection with the summary judgment motions requested by all parties.

As to the individual defendants, and counsel's arguments as contained in the July 16, 2019 letter, we respectfully submit that jurisdiction will be sustained over the same for the reasons set forth in the Report and Recommendation of Magistrate Judge A. Kathleen Tomlinson dated January 10, 2019, in action entitled "Power Up Lending Group, Ltd. v. Nugene International, Inc. and Robert B. Wheat" Case No.: cv-17-6601. Simply stated, virtually the same arguments made by counsel here were rejected in connection with the motion by the individual defendant in that case to have the action dismissed. That Report and Recommendation was affirmed by Order dated March 1, 2019 (Feuerstein, J.). Thus, we must respectfully submit that counsel's contentions will not be sustained.

As to the corporate defendant, and the Convertible Promissory Note issued and funded on or about April 23, 2018, that is the subject of counsel's letter of July 22, 2019, we further submit that his contentions are without merit. The defendant defaulted only three days after the Note was funded by filing a Form 15 with the Securities and Exchange Commission. That filing immediately suspended the corporate defendants reporting requirements under the Exchange Act. The ninety-day period to which counsel refers only applies to registration of the issuer's stock not to the reporting requirements under the Exchange Act.

Hon. Joan Azrack
July 24, 2019
Page Two

       This constituted a fundamental breach of the Note as it completely thwarted the purpose of the transaction as far as the plaintiff was concerned. Stated otherwise, had plaintiff known that such an action would have been taken, it would never have provided the funding received by the corporate defendant.

       Under Section 3.8 of the Note, once the corporate defendant ceased to be subject to the reporting requirements of the Exchange Act on April 30, 2018, it fell into default which was why this action was commenced. Parenthetically, the maturity date of the Note was January 30, 2019, nine months after its issuance. Although that maturity date has come and gone, no payment was received, nor was the plaintiff ever permitted to convert any part of the Note into stock, an action which was blocked and prevented by the filing of the Form 15. Thus, the corporate defendant is unquestionably in default as the Note was never paid at maturity. Thus, we again submit that counsel's contentions are without merit.

                                       Respectfully yours,

                                       Robert P. Johnson (RPJ-7985)

RPJ:ael
cc: Eric Berry, Esq. (via ecf)